Todd Blanche
Attorney General of the United States
Brandon L. Pang
Assistant United States Attorney
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA,

Plaintiff,

v.

RAMON CONTRERAS-FLORES,

Defendant.

Case Nos.: 4:25-CR-6036-MKD
4:26-CR-6008-MKD

UNITED STATES' SENTENCING MEMORANDUM

Plaintiff United States of America, by and through Brandon L. Pang, Assistant United States Attorney for the Eastern District of Washington, submits the following sentencing memorandum in support of its recommendation that the Court impose a total sentence of 97 months, followed by 4 years of supervised release. The United States further requests that any sentence imposed under 4:25-CR-6036-MKD run concurrent to the sentence in 4:26-CR-6008-MKD.

## I. Offense Level & Criminal History - PSIR

The United States has reviewed the Draft PSIR(s) and has no objections. Therefore, the United States believes the guideline calculation is as follows:

**4:25-CR-6036-MKD**

Base offense level: 8

Prior Felony Reentry Conviction: +4

Adjusted offense Level: 12

**4:26-CR-6008-MKD**

Base offense level: 30

Firearm Enhancement: +2

Acceptance of Responsibility: -3

Adjusted offense Level: 29

Combined with Defendant's Criminal History Category of II, the resulting guideline range is 97-121 months of incarceration.

The United States is not aware of any objections to the PSIR by Defendant.

## II. Departures

The United States agrees with the PSIR that there are no factors that would warrant a departure from the applicable guideline range.

## III. 18 U.S.C. § 3553(a) Sentencing Recommendation.

The United States respectfully recommends a total sentence of 97 months, followed by 4 years of supervised release. As stipulated to in the Plea Agreement, and summarized in the PSIR, the Defendant was a significant distributor of fentanyl, operating as a reliable source of supply to street level distributors in the Eastern Washington area.

Over the course of this investigation, the Defendant engaged in multiple controlled buys. During those transactions, Defendant was able to supply increasing amounts of fentanyl pills. Defendant was also able to supply fentanyl powder. He also demonstrated an ability to acquire more narcotics, in a quick fashion, almost on demand. These actions demonstrate a level of involvement and familiarity consistent with an established drug trafficking operation, rather than an isolated or impulsive incident.

Search warrants executed at the time of Defendant's arrest also increase the serious nature of the Defendant conduct. In addition to seizing distribution amounts of fentanyl, finding methamphetamine and cocaine, along with drug packaging, investigators also located two firearms and ammunition. Drug

trafficking and firearms are a dangerous combination that exponentially increase the risk of violence and poses a substantial threat to the community.

It is also worth noting that Defendant was unlawfully within the United States, and admitted that he had returned after previously being removed. According to Defendant, he had been in the US for approximately the last 8 years. Notably, during the search warrant, investigators located multiple pieces of identification and records with Defendant's alias name. This appears consistent with the alias used by Defendant at the beginning of the investigation when he presented a falsified driver's license to a patrol officer during a traffic stop. Luckily, investigators recognized Defendant from a prior narcotics investigation from 2023, and were able to correctly identify him. Still – this speaks to the level the Defendant went to conceal his true identity and avoid detection.

Defendant's history and characteristics also warrant a guideline sentence of 97 months total. While Defendant has only a few criminal convictions, his history remains concerning. Defendant has been charged with a range of crimes dating back to the 1980s. These include possessing weapons/drugs while a prisoner, multiple immigration related offenses, possessing drugs, patronizing a prostitute, and destroying evidence.

Nearly two decades ago, Defendant was charged and convicted for trafficking methamphetamine in Franklin County. Defendant received a prison sentence for that conduct, but did not serve any time on community custody following his release as he was deemed a "low risk to reoffend." Defendant was removed from the United States in 2008, but clearly returned as he was subsequently arrested/convicted for a violation of 8 USC § 1326, after being located in Pasco, WA in 2014. Defendant was deported again in 2016. Still, he returned and had remained living almost anonymously within our community until his arrest in October 2025. Such a history, combined with the facts of the instant

case, demonstrates that Defendant is likely to reoffend, likely to return, and that a significant sentence is necessary to prevent the same and protect the community.

In looking at the positive aspects of the Defendant's life, it makes his prolonged involvement in drug trafficking all the more concerning. While Defendant dropped out of high school, he obtained a GED and attended two years of college. Defendant reports that he has a real estate license, previously worked for Century 21, and also as a car salesman for 5 years. In other words, Defendant had viable employment options – but chose to engage in illicit activity instead.

While the United States recognizes that Defendant has accepted responsibility for his conduct by pleading guilty and was compliant with investigators at the time of his eventual arrest, those factors cannot outweigh the severity of his conduct and the danger that he continues to present.

Accordingly, based on the totality of the circumstances, the United States believes a total sentence of 97 months, followed by 4 years of supervised release, is sufficient but not greater than necessary to meet the goals of sentencing, and respectfully requests the Court adopt this recommendation.

DATED this 6th day of November, 2026

Respectfully submitted,

Todd Blanche
Attorney General of the U.S.

*s/Brandon L. Pang*
Brandon L. Pang
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on November 6, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System. Notification of such filing will be emailed to counsel of record.

*s/Brandon L. Pang*
Brandon L. Pang
Assistant United States Attorney